# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
    Respondent/Plaintiff, )
)
)
v. )    Cr. ID. No. 0911008893
)
)
)
MYRON GIBBS, )
)
    Petitioner/Defendant. )

Submitted: November 21, 2017
Decided: February 28, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S <u>THIRD</u> MOTION FOR POSTCONVICTION RELIEF

Myron Gibbs, JTV, 1181 Paddock Road, Smyrna, DE 19977. Petitioner, *pro se*.

**MANNING**, Commissioner:

This 28th day of February, 2017, upon consideration of petitioner Myron Gibbs' motion for postconviction relief (hereinafter the "Motion"), I find and recommend the following:

## Facts and Procedural History

Following a jury trial, Gibbs was convicted of Rape in the Second Degree, Rape in the Fourth Degree and Offensive Touching on July 7, 2010. Gibbs was acquitted of Kidnapping in the Second Degree. Gibbs was sentenced to, in total, 20 years at Level V suspended after 15 years for six months at Level IV followed by probation. Gibbs subsequently filed a direct appeal to the Delaware Supreme Court that was denied on August 3, 2011.[1]

On July 27, 2012, Gibbs filed a motion for extension of time to file a motion for postconviction relief pursuant to Superior Ct. Crim. Rule 61.[2] Gibb's motion for an extension of time was denied by Judge William C. Carpenter Jr. on August 21, 2012.[3] On November 13, 2012, Gibbs filed a motion for appointment of counsel to assist him in filing his motion for postconviction relief; this motion was also denied as the time limit to file a motion for postconviction relief under Rule 61 had passed. On December 11, 2012, Gibbs filed a motion for postconviction relief; however, this

---

[1] *Gibbs v. State*, 2011 WL 3427211 (Del. August 3, 2011).

[2] D.I. #52

[3] D.I. #53

motion was rejected by the Court as non-conforming.[4]  On January 4, 2013, Gibbs filed a motion to amend his motion for postconviction relief.  On January 22, 2013, Gibbs' motions were referred to Commissioner Michael P. Reynolds.[5]  Following an exchange of letters between Gibbs and the Court, Commissioner Reynolds ordered that counsel be appointed to represent Gibbs pursuant to the recent Delaware Supreme Court decision in *Holmes v. State*.[6]

On June 2, 2014, with the assistance of counsel, Gibbs' filed a complying motion for postconviction relief.[7]  Following briefing by all parties, Commissioner Lynne M. Parker filed her Report and Recommendation stating that Gibbs' motion should be denied.[8]  After a *de novo* review, Judge Carpenter adopted Commissioner Parker's Report and issued his Order denying Gibbs' motion on April 10, 2016.[9]  Gibbs filed an appeal to the Delaware Supreme Court; however, his appeal was denied on May 20, 2016.[10]

---

[4] D.I. #56

[5] D.I. #60

[6] D.I. #68; *Holmes v. State*, 2013 WL 2297072 (Del. May 23, 2013).

[7] D.I. #79

[8] D.I. #88

[9] D.I. #89

[10] *Gibbs. v. State*, 2016 WL 3449916 (Del. May 20, 2016).

On September 9, 2016, Gibbs filed a second motion for postconviction relief. Gibbs' second motion was referred to the undersigned Commissioner on November 10, 2016. In his motion, Gibbs claims that he received ineffective assistance of counsel at trial because his counsel did not object to the section 3507 statement being entered as a exhibit that the jury could later view and because trial counsel did not object to the trial judge amending the indictment as to the charge of Kidnapping in the Second Degree. Gibbs also claimed that he received ineffective assistance of counsel on appeal because his lawyer failed to raise the above issues or include them in his Rule 26(c) brief.[11]

I issued my Report and Recommendation that Gibbs' second motion for postconviction relief should be denied on February 10, 2017. Receiving no objections, my Report was adopted by Judge Carpenter on February 28, 2017. Gibbs then filed an appeal to the Delaware Supreme Court, which was denied on August 7, 2017. Gibbs' third Motion was filed on November 15, 2017. Based upon my review of Gibbs' Motion I did not order additional briefing, nor did I see the need for an evidentiary hearing.

---

[11] D.I. #95, p3.

In the instant Motion, Gibbs alleges the following ground for postconviction relief, quoted verbatim from his Motion:

> Ground One: Amending Grand Jury's Indictment illegally. Trial Counsel did not object to state amending its own indictment illegally nor did he motion court to re-indict for defective indictment purposes, counsel allowed too.

## Legal Standard and Analysis

Gibbs' Motion is controlled by Superior Ct. Crim. Rule 61. Before addressing the merits of a motion for postconviction relief under Rule 61, a reviewing court must first apply the procedural bars of Rule 61.[12]

Rule 61(i)(1) requires a motion for postconviction to be filed not more than one year from the date the judgment of conviction becomes final. In this case, Gibbs' Motion is untimely as it was not filed within one year of the date his conviction was originally affirmed by the Delaware Supreme Court—August 8, 2011.[13]

Rule 61(i)(2) prohibits second or subsequent postconviction motions unless the motion satisfies subparagraphs (2)(i) or (2)(ii) of subdivision (d) of the Rule (i.e. the motion pleads with particularity that new evidence exists or that a new rule of

---

[12] *See Younger v. State*, 580 552, 553 (Del. 1990) (holding that the court will apply the rules governing procedural default before giving consideration to the merits of the underlying Rule 61 claims).

[13] *See Gibbs v. State*, No. 604, 2010 (Del. August 8, 2011).

constitutional law made retroactive applies to movant's case). The instant Motion is Gibbs' third motion for postconviction relief and neither of the exceptions under this subdivision have been alleged by Gibbs. The argument Gibbs now makes is one that could have been raised on direct appeal as legal error, or in a previous Rule 61 petition.

## Conclusion

For the foregoing reasons, Gibb's Motion should be denied and summarily dismissed pursuant to Rule 61(d)(5).

**IT IS SO RECOMMENDED.**

Bradley V. Manning
Commissioner

oc:   Prothonotary
cc:   Petitioner via first class mail